**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-171-AP

**KENNETH POWELL,**

Plaintiff,

v.

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

Defendant,

---

**ORDER GRANTING ALAN M. AGEE'S MOTION TO SEVER AND REMAND BACK TO STATE COURT**

---

THIS MATTER comes before the Court on a Motion to Sever and Remand filed by Alan M. Agee ("Agee").

THIS COURT, having reviewed the Motion and being fully advised, HEREBY GRANTS the Agee's Motion to Sever and Remand, and FINDS as follows:

1. On January 9, 2013, Plaintiff (a pro se party) filed his Complaint in El Paso County District Court, Colorado as Case No. 2013CV15. *See* Notice of Removal Exhibit 1 [Docket No. 1-1]. Agee represented Plaintiff in the underlying Social Security Benefits Hearing. *See* Notice of Removal [Docket Nos. 1 and 1-1]. In his Complaint, Plaintiff seeks a judicial review of his social security benefits determination pursuant to C.R.S. § 24-4-106. Plaintiff also alludes to allegations against Agee relating to legal malpractice and conspiracy. Id.

2. On January 24, 2013, prior to any party in the state court case filing a responsive pleading, Defendant Michael J. Astrue removed the action to federal Court pursuant to 28 U.S.C.

§§ 1441(a), 1442(a)(1) and 1446(a). *See* Notice of Removal [Docket No. 1]. Agee did not consent to the removal.

3. Upon removal, this Court noted that it has jurisdiction over the social security appeal based on Section 205(g) of the Social Security Act, 42 U.S.C. 405(g). *See* Minute Order Regarding Instructions for Preparation of Joint Case Management Plan for Social Security Cases [Docket No. 12 at p. 3].

4. On January 31, 2013, Agee filed his Answer in the state court case. However, on February 6, 2013, the state court issued an order stating that the entire action had been removed to this Court and that, unless and until an Order of Remand is received from this Court, it no longer has jurisdiction over the state court case.

5. Thus, it is unclear whether the Agee is even a party to this action in federal court. Since the action was removed to this Court, Agee has been unable to access any documents filed and served with this Court, is not named in the caption, has not been served with any documents, and has been informed by Defendant Michael J. Astrue's Counsel that this case is sealed because it involves a social security appeal. Regardless, in compliance with the state court's request, Agee now respectfully seeks an Order of Remand from this Court. This Court does not have proper jurisdiction over Plaintiffs case against Agee, a case which is separate and independent from the social security appeal. As such, Plaintiff's case against Agee should be remanded back to state court.

6. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c).

7. The case was removed on January 24, 2013 and there is no final judgment. This Motion is timely filed as it is based on the absence of subject matter jurisdiction and pursuant to 28 U.S.C. § 1441(c)(2).

8. When a cause of action, such as the one here, involves multiple claims against multiple parties and separate and independent claims have been removed, the statute pertaining to discretionary remands controls and requires the court to remand the claim not within the original or supplemental jurisdiction of the district court. *See* 28 U.S.C. § 1441(c)(2) ("***shall*** sever from the action all claims [not within the original or supplemental jurisdiction of the Court] and ***shall*** remand the severed claims to the State court from which the action was removed") (emphasis added); 28 U.S.C. § 1447. Thus, the analysis requires a two part inquiry, and claims should be severed and remanded when: a) the claims are separate and independent; and b) the separate and independent claim would not be within the original or supplemental jurisdiction of the district court.

9. First, claims against different defendants are separate and independent when they involve complete different questions of fact and substantially different questions of law, or where the defendants (acting individually) each invade a separate right of the plaintiff. Knowles v. American Tampering, Inc., 629 F.Supp. 832, 835-836 (E.D. Pa. 1985); Dorfman by Dorfman v. E.R. Squibb & Sons, Inc., 617 F.Supp. 496, 499-500 (E.D. Pa. 1985). Claims are separate and independent if they are significantly unrelated and disassociated, or involve distinctly different obligations. State of Tex. By and Through Bd. of Regents of University of Texas System v. Walker, 142 F.3d 813, 817 (5th Cir. 1998); Crawford by Crawford v. Hospital of Albert Einstein

College of Medicine, 647 F.Supp 843, 847-848 (S.D. N.Y. 1986).

10. Here, the appeal of social security benefits and any civil lawsuit Plaintiff is attempting to make against Agee are two separate and severable matters. Because Plaintiff filed his Complaint as a pro se party, it is very likely that he would not have known about or understood the differences in his claims. An appeal of a social security determination and involves an entirely different set of laws, procedures and standards than proving the claims of legal malpractice or conspiracy which are based on state common law.

11. Pursuant to 42 U.S.C. 405(g), judicial review of a social security benefits decision is adjudicated as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social

> Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

*See* 42 U.S.C. 405(g), et al.

12. On the other hand, proving a legal malpractice case involves the application of Colorado common law. See Bebo Construction Co. v. Mattox & O'Brien, P.C., 990 P.2d 78, 83 (Colo. 1999). For the standard of care, an attorney owes a duty to his client to employ that degree of knowledge, skill, and judgment ordinarily possessed by members of the legal profession in carrying out the services for his client. Fleming v. Lentz, Evans & King, P.C., 873 P.2d 38, 40 (Colo. Ct. App. 1994). Plaintiff must prove standard of care through use of expert testimony. McLister v. Epstein & Lawrence, P.C., 934 P.2d 844, 847-848 (Colo. Ct. App. 1995); Crystal Homes, Inc. v. Radestky, 895 P.2d 1179, 1182 (Colo. Ct. App. 1995); Martinez v. Badis, *842 O,2d 245, 250 (Colo. 1992).* To establish causation, the plaintiff is required to prove its "case within a case" by demonstrating that it should have achieved a better result in the underlying matter "but for" the alleged negligence of the defendant lawyers. *See* Bebo

Construction Co., 990 P.2d at 83; Brown v. Silvern, 2001 WL 693897 *2 (Colo. Ct. App. 2001); Miller v. Byrne, 916 P.2d 566, 579 (Colo. Ct. App. 1995); Fleming, 873 P.2d at, 40; Temple Hoyne Buell Foundation v. Holland & Hart, 851 P.2d 192, 198-99 (Colo. Ct. App. 1992); *see also* Tripp v. Borchard, 29 P.3d 345, 347 (Colo. Ct. App. 2001).

13. For Plaintiff to recover from Agee on his claim of civil conspiracy, the following must be proven by a preponderance of the evidence: 1) Agee and Defendant Judge Musseman agreed, by words or conduct, to accomplish an unlawful goal or accomplish a goal through unlawful means; 2) One or more unlawful acts were performed to accomplish the goal or one or more acts were performed to accomplish the unlawful goal; 3) Plaintiff had damages; and 4) Plaintiff's damages were caused by the acts performed to accomplish the goal. *See* C.J.I. 27:1 (2012). To establish a claim for civil conspiracy, an express agreement is not necessary; however, there must be some indicial of an agreement. Saint John's Church v. Scott, 194 P.3d 475 (Colo. Ct. App. 2008); Double Oak Constr., LLC v. Cornerstone Dev. Int'l, LLC, 97 P.3d 140 (Colo. Ct. App. 2003); Schneider v. Midtown Motor Co., 854 P.2d 1322 (Colo. Ct. App. 1992).

14. Clearly, whether Plaintiff is entitled to social security benefits has absolutely nothing to do with alleged malpractice or conspiracy committed by Agee. Likewise, whether Agee engaged in legal malpractice or was involved in a conspiracy has no bearing of Plaintiff's appeal for social security benefits that were denied. In comparing the claims of malpractice and conspiracy with a social security appeal, the inquiries involve completely different questions of fact and law, as well as different wrongs allegedly suffered by Plaintiff and different obligations owed by different individuals and agencies.

15. Second, there are numerous avenues by which a federal court has proper original subject matter jurisdiction, including cases involving a federal question, or when there is both diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. §§ 1331 and 1332.

16. Here, this Court does not have proper subject matter jurisdiction over Plaintiff's case against Mr. Agee for legal malpractice or conspiracy. There is no subject matter jurisdiction by virtue of diversity of citizenship. Both Agee and Plaintiff are citizens and residents of Colorado. *See* Notice of Removal Exhibit 1 [Docket No. 1-1]. Plaintiff has made no known monetary demand, and there is no indication that the amount in controversy would exceed $75,000. Furthermore, the subject matter of the case against Mr. Agee (legal malpractice and conspiracy) does not arise as a federal question.[1] The subject matter does not fall into a category permitting this Court to exercise jurisdiction or into any exceptions which would permit subject matter jurisdiction pursuant to Plaintiff's claims of legal malpractice and conspiracy.

17. In determining whether to assert jurisdiction over state law claims after removal or to remand such claims, federal court should also consider and weigh values of judicial economy, convenience, fairness, and comity. Howard v. Food Lion, Inc., 232 F.Supp.2d 585, 592 (M.D.N.C. 2002).

18. Here, in the interests of fairness and convenience, the state court in El Paso County is certainly the best option as Plaintiff is a homeless, pro se individual residing within El Paso County. It would surely be a severe inconvenience and difficult for Plaintiff make repeated trips to this Court in Denver for Hearings and Conferences, and the location would place a

[1] The "well-pleaded complaint rule" mandates that a federal question must appear on the face of the plaintiff's well-pleaded complaint for a claim to arise under federal law for purposes of federal subject matter jurisdiction. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (U.S. 1987).

potentially unfair burden on Plaintiff given his limited means. Furthermore, interests of justice would be best served by remanding these claims involving state law and issues to the appropriate state court. And, the state has a strong state interest in regulating attorneys licensed to practice law within Colorado. In re Foster, 253 P.3d 1244, 1252-1253 (Colo. 2011); Crowe v. Tull, 126 P.3d 196 (Colo. 2006); Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 434-35 (U.S. 1982) (the United States Supreme Court has recognized the important interest that states have in maintaining and regulating the professional conduct of the attorneys that they license).

19. Where a court is in doubt, a motion to remand to state court should be granted. Russell v. Spirit Corp., 264 F.Supp.2d 955 (D. Kan. 2003); Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir.1957); Baucom v. Pilot Life Ins. Co., 674 F.Supp. 1175, 1178 (M.D.N.C. 1987) (removal statute is strictly construed against removal, with all doubts resolved in favor of remand); Boyle v. MTV Networks, Inc., 766 F.Supp. 809, 812 (N.D.Cal.1991) (court must strictly construe statute against finding removal).

20. This Court strictly construes the statutes against removal and remand Plaintiff's case against Agee.

21. Thus, this Court does not have proper original subject matter jurisdiction over Plaintiff's legal malpractice and conspiracy claims against Agee.

22. Plaintiff's case against Agee must be severed and remanded back to back to the El Paso County District Court, Colorado.

IT IS HEREBY ORDERED that Agee's Motion to Sever and Remand is granted, and Plaintiff's case against Agee is severed from this federal action and is remanded back to El Paso

County District Court, Colorado.

DATED: March 19 2013.

BY THE COURT:

John L. Kane