IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-00171-RBJ

KENNETH POWELL,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

## ORDER

This matter is before the Court on review of the Commissioner's decision denying plaintiff Kenneth Powell's application for disability insurance benefits pursuant to Title II of the Social Security Act. Jurisdiction is proper under 42 U.S.C. § 405(g). This dispute became ripe for decision by this Court on October 29, 2013 upon defendant's filing of a response brief. The Court apologizes to the parties and counsel for its delay in addressing the case.

**Standard of Review**

When a decision of the Commissioner is appealed to a district court, the nature and scope of the court's review is somewhat limited. The court reads the administrative record, meaning all documents, including the ALJ hearing transcript, that were considered by the ALJ and later by the Social Security Appeals Council. The role of the court is to determine whether the record "contains substantial evidence to support the [Commissioner's] decision and whether the [Commissioner] applied the correct legal standards." *Rickets v. Apfel*, 16 F. Supp. 2d 1280, 1287 (D. Colo. 1998).

The term "substantial evidence" means evidence that is "more than a scintilla, but less than a preponderance." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Essentially this means that there must be some significant evidence in the record that supports the Commissioner's decision. A decision cannot be based on substantial evidence if "it is overwhelmed by other evidence in the record . . . ." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988). Evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

It is important to recognize that the court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (citations omitted). This means that although some evidence could support contrary findings, the court "may not displace the agency's choice between two fairly conflicting views," even if the court might "have made a different choice had the matter been before it de novo." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Nevertheless, the court does owe the claimant the duty to "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (citations omitted).

After completing a careful review of the entire administrative record the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 45 U.S.C. § 405(g); *see also* Fed. R. Civ. P. 72(b)(3).

**Procedural History**

I think part of the problem is that Mr. Powell might not fully understand the impact that two dates have on his claim: his "onset date," and his "date last insured." These are not

necessarily easy or obvious concepts, and it appears to me that they have not been sufficiently explained to him. He is now before the court with the difficult task of representing himself. Therefore, in addition to giving him the benefit of the doubt, I want to try to explain what I am doing and why as well as I can.

Mr. Powell has been suffering from asthma and other lung problems that have affected his breathing for many years. These problems apparently were caused or worsened by exposure to paint and other fumes during his career in the automotive repair and painting fields. Despite his breathing problems, which included lung surgeries, he continued to work until early April 2005. He has not worked since that time.

When he first applied for Social Security disability benefits he claimed that he became disabled from employment on April 10, 2005. His claim was initially denied and then heard by an Administrative Law Judge named Cohane who also denied the claim. ALJ Cohane's denial was issued on or about February 3, 2007.

Despite that denial, Mr. Powell continued to believe that he was disabled, and that his disability was getting worse as time passed. So, on April 23, 2009 he applied again. *See* R. 454. But once again his claim was denied, this time on or about November 4, 2009.[1] *See* R. 38.

After this denial, Mr. Powell filed his most recent application for disability insurance. He filed this claim on April 14, 2010, and the claim was denied on February 23, 2011. He then requested a hearing before an Administrative Law Judge, which was held before ALJ William Musseman on August 9, 2011.

Mr. Powell was represented by an attorney, Alan Agee, at the hearing before ALJ Musseman. His attorney and the ALJ both recognized that the previous denial in February 2007 constituted "res judicata" as to a claim of disability before that date. "Res judicata" simply

---

[1] The record for this application appears to be missing. *See* R. 454–55.

means that a final decision had been made that Mr. Powell was not disabled within the meaning of the Social Security rules before that date.  So, Mr. Powell and his lawyer amended his claimed date of the onset of his disability to February 4, 2007, that is, to the point in time immediately after the first claim had been denied.[2]  He was entitled to do this.

Mr. Powell's claimed period of disability also has an end date for purposes of eligibility for Social Security disability benefits, and I think that is another thing that perhaps has not been sufficiently explained to Mr. Powell.  It's a little bit like an insurance policy in the sense that the claimant's history of participation in the Social Security program (meaning how long he has worked) determines when his insurance coverage ends.  This is a date that is determined by the law, not by the ALJ.  In Mr. Powell's case his "date last insured" is December 31, 2008.

What this means in this case is that in order to qualify for disability benefits, he must have been disabled according to the Social Security Administration's guidelines between February 4, 2007 and December 31, 2008.  If he was, then he is eligible to receive the benefits that he seeks.  On the other hand, if his condition was not sufficiently disabling during that approximately 23-month period, then he is not eligible, even if his condition continued to deteriorate after December 31, 2008 such that he is disabled now.

So, what ALJ Musseman had to determine was whether Mr. Powell was disabled— essentially whether he was unable to engage in any substantial gainful employment due to a medically determinable physical or mental impairment (or combination of impairments)— between February 4, 2007 and December 31, 2008.  On October 31, 2011, ALJ Musseman issued an opinion denying benefits, finding that Mr. Powell could have held a job during that time.  Mr.

---

[2] For some reason, Mr. Powell's attorney and ALJ Musseman did not discuss whether the April 2009 application had a res judicata effect on this application.  It is possible that they did not discuss it because the administrative record was missing, *see supra* text accompanying note 1, and therefore neither of them could be sure that the application made out the same claim of disability.  However, this is just speculation.

4

Powell then appealed to the Appeals Council of the Social Security Administration Office of Disability Adjudication and Review. By then he was representing himself. The Appeals Council denied Mr. Powell's request for review on November 16, 2012. Thereafter Mr. Powell filed the present timely appeal to this court.

**Analysis**

As indicated above, the crux of the issue in this case is whether Mr. Powell became disabled before his date last insured, December 31, 2008.[3] The ALJ determined that Mr. Powell did not become "disabled" within the meaning of the Social Security rules before that date. My job is to determine whether the ALJ's decision was supported by substantial evidence in the record. As I mentioned earlier, I cannot reweigh the evidence or reverse the ALJ's decision only because I may have made a different choice if I had been in the ALJ's position.

<u>Medical Evidence</u>

The first medical evidence I found during the relevant period, which is also the first medical evidence from the relevant period cited by the ALJ in his Hearing Decision, R. 19, was an April 27, 2007 Emergency Department Report from the Memorial Health System in Colorado Springs, Colorado. On that date Mr. Powell unfortunately was brought to Memorial Hospital by ambulance after he was found intoxicated and sleeping in someone's yard. As relevant to his breathing issues, Mr. Powell on that occasion denied chest pain, shortness of breath or cough. R. 223. On examination his lungs were clear bilaterally with no wheezes, rhonchi or rales. *Id.* at 224. The diagnosis was "intoxication." *Id.*

Mr. Powell was in Texas during at least portions of 2008. While there he was seen on two or three occasions at the Scott & White Gatesville Clinic in Gatesville, Texas. On March 4,

---

[3] ALJ Musseman also considered whether Mr. Powell had any mental impairment or disability. *See* R. 20–22, 25. This issue was not pursued on appeal, and as such the Court will not address it.

2008, after reporting with a history of shortness of breath, he had a chest x-ray. R. 295. The x-ray was repeated on May 23, 2008. R. 294. He was seen by Larry W. Leininger, M.D., on May 27, 2008 who noted that Mr. Powell presented with complaints of cough and wheezing and reported a history of COPD, heart disease, and pulmonary hypertension. R. 292. Examination detected mild expiratory wheezes in all lung fields but no rales or rhonchi. R. 293. The diagnosis was COPD with acute superimposition of bronchitis and reactive airway disease along with pulmonary hypertension and chronic heart disease. *Id.* He was prescribed Spiriva one puff a day, Azmacort one puff b.i.d., Albuterol two puffs q.i.d., Theo-24 300 mg once a day, Tessalon Perles two t.i.d. for seven days, and finishing out previously prescribed dosages of prednisone and doxycycline. R. 292–93. These records were noted by the ALJ. R. 19.

Perhaps most significantly, Mr. Powell was given a Pulmonary Function Test on August 10, 2009 at the Beaufort Memorial Hospital in Beaufort, South Carolina. The spirometry results were FVC normal at 3.42 liters, 81%; FEV-1 moderately reduced at 2.23 liters, 66%; FEV-1/FVC ratio reduced at 65%; mid volume flow rates reduced at 33%; obstruction on flow volume lop and spirogram; exhalation time out to 6 seconds; and no broncodilater improvement. R. 297. The test was evaluated by Peter N. Manos, M.D. His impression was "[o]bstructive airway disease with moderate functional impairment." *Id.*

Shortly thereafter, on August 20, 2009, Mr. Powell was examined by Harriett R. Steinert, M.D., also in South Carolina. R. 306–07. She noted that Mr. Powell presented with a history of lung problems, arthritis, inflammation of joints and alcohol abuse. R. 306. On examination Dr. Steinert found that Mr. Powell's lungs were clear to percussion and auscultation, with no wheezes, ronchi or rales. R. 307. Under the heading "Limitations of ADL's (Activities of Daily Living) and Work Activity," Dr. Steinert indicated, "He has a serious attitude problem and is

angry to the point that I was afraid. He gets short of breath with exertion." *Id.* Her diagnosis was "COPD; bipolar disorder; uncontrolled hypertension." *Id.* Her examination was noted by the ALJ. R. 20.

On June 24, 2010, Michael Welch, D.O. filled out a Pulmonary Residual Functional Capacity Questionnaire. R. 352–56. In it he attested to being Mr. Powell's treating physician since December 2005. R. 352. Dr. Welch wrote that he felt Mr. Powell was incapable of even low stress jobs and that this restriction has applied to Mr. Powell since 1998. R. 353, 356. ALJ Musseman briefly discussed this medical opinion, finding it was not entitled to "any significant weight" because the recorded severity of the impairment was "not supported by the records in evidence and no clinical findings, treatment records, or objective test results were provided in support of the form." R. 21.

Mr. Powell alleges that the medical evidence on record shows that he has, in fact, been disabled since before December 31, 2008. However, upon reviewing the record, I have not found evidence mandating such a conclusion. What I mean by that is that I have not found an overwhelming amount of other evidence on the record that would support a finding that Mr. Powell is disabled. Instead, there is substantial evidence on the record supporting ALJ Musseman's decision. Unfortunately, my powers of review are limited. The Court is bound to accept the Commissioner's decision so long as there is substantial evidence on the record supporting it, which there is here.

<u>Additional Medical Evidence</u>

I understand that Mr. Powell has provided three additional medical records to support his application. [ECF No. 26, 7–10; *id.* at 17–21; ECF No. 28, 11–12]. The court has the discretion to order that additional evidence be reviewed by the Commissioner, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to

incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). I will review the additional medical evidence to determine whether it can be considered new and material—meaning relevant—evidence.

Two of Mr. Powell's records reflect diagnoses and medical treatment he received several years after his date last insured. [ECF No. 26, 7–10; ECF No. 28, 11–12]. Unfortunately, they are therefore not relevant to his application; the Court must consider whether Mr. Powell can show he was disabled *before* that date. As for the third record [ECF No. 26, 17–21] it is technically not new evidence because it is already in the record. *See* R. 442–446. In fact, the Appeals Council explicitly considered this medical evidence when denying Mr. Powell's request for review. *See* R. 4–6. Upon examination, the Appeals Council found that "this information does not provide a basis for changing the [ALJ]'s decision." R. 6.[4] Given these reasons, I cannot confidently say that there is additional evidence that is both new and material that would allow me to remand the case for further review by the Commissioner.

Due Process

I understand that Mr. Powell may feel that he has not been afforded due process throughout the application and appeals processes. I am not sure if Mr. Powell intends to be making a Fifth Amendment Due Process argument, or if he is just expressing his frustration with the system. To be clear, I understand that he is frustrated with the application and denial process, and I am sorry that his efforts have been unsuccessful. However, I also find that Mr. Powell received all of the process that was legally due in his application for disability insurance benefits.

Under 20 C.F.R. § 404.900, a claimant is entitled to file an application for disability benefits, receive initial and reconsideration decisions, request and attend a hearing before an

---

[4] I am aware that ALJ Musseman did not have this record on file when he made his decision. However, the record is extremely similar to the Dr. Welch opinion that the ALJ already considered. *See* R. 21. Additionally, the fact that the Appeals Council reviewed it means that it is not "new" evidence.

8

ALJ, and request review from the Appeals Council. 20 C.F.R. § 404.900(a)(1–4). If a claimant is dissatisfied with the Commissioner's final decision, he or she may file an appeal in a United States District Court. 20 C.F.R. § 404.900(a)(5). Mr. Powell has been provided all of this process. *See* R. 48–50 (initial decision); R. 38–40 (reconsideration decision); R. 15–27 (decision of ALJ after hearing on the record); R. 4–8 (order of Appeals Council); [ECF No. 4] (appeal of agency decision in district court). Although I know that Mr. Powell is dissatisfied with the decision of the Commissioner, he received the required amount of process that was due to him under the law.

**Order**

Accordingly, the decision of the Commissioner is AFFIRMED.

DATED this 28th day of February, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge